IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAY ANTHONY MILES,

    **Plaintiff,**

    v.                                       CASE NO. 18-3168-SAC

STATE OF KANSAS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was wrongfully incarcerated because of errors committed in his underlying criminal proceedings. Plaintiff names the State of Kansas as the sole defendant, and seeks twenty-five billion dollars in monetary damages.[1] On October 10, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until November 2, 2018, to show good cause why his Complaint should not be dismissed. This matter is before the Court on Plaintiff's response (Doc. 7) to the MOSC.

The Court's MOSC ordered Plaintiff to show cause why his Complaint should not be dismissed as barred by *Heck*. Plaintiff is only seeking monetary damages in this action. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

---

[1] Plaintiff names the State of Kansas as the sole defendant. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff has not shown good cause why his Complaint should not be dismissed. Plaintiff has failed to show that his conviction and sentence were invalidated.[2] Plaintiff's response to the MOSC does not allege that his conviction and sentence were invalidated, nor does he address the *Heck* bar. Instead, Plaintiff continues to make arguments regarding errors in his state criminal proceedings. "[T]he dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim." *Lomax v. Ortiz-Marquez*, 2018 WL 5870555, at *2 (10th Cir. Nov. 8, 2018) (unpublished) (quoting *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011)); *see also Dunn v. Harper Cty.*, 520 F. App'x 723, 726 (10th Cir. April 5, 2013) (unpublished) (claim barred by *Heck* is frivolous and counts as a strike under § 1915(g) and court's reliance on additional grounds for dismissal beyond *Heck* does not prevent dismissal under *Heck* from counting as a strike) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007) and *Smith*, 636 F.3d at 1312).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Complaint is dismissed as premature under *Heck* for failure to state a claim.

---

[2] Online records for the Kansas Court of Appeals show that the appeal of Plaintiff's state court Case No. 16CV500 was dismissed on August 8, 2017. *See Miles v. State*, Case No. 117543 (Kan. Ct. App.). Plaintiff's state criminal Case No. 12CR1049 was affirmed by the Kansas Court of Appeals on December 19, 2014, and Plaintiff's petition for review was denied on April 21, 2016. *See State v. Miles*, Case No. 110511 (Kan. Ct. App.). Plaintiff's state criminal Case No. 10CR1665 was affirmed by the Kansas Court of Appeals on December 2, 2011, and Plaintiff's petition for review was denied on May 21, 2012. *See State v. Miles*, Case No. 105499 (Kan. Ct. App.).

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 25th day of January, 2019.**

                                           **<u>S/ Sam A. Crow</u>**
                                           **Sam A. Crow**
                                           **U.S. Senior District Judge**