FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 16, 2019**

Elisabeth A. Shumaker
Clerk of Court

---

RAY ANTHONY MILES,

    Plaintiff - Appellant,

v.

STATE OF KANSAS,

    Defendant - Appellee.

No. 19-3039
D.C. No. 5:18-CV-03168-SAC
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

Mr. Ray Miles sued the State of Kansas, challenging the constitutionality of his incarceration and seeking $25 billion in damages. Relying on *Heck v. Humphrey*, 512 U.S. 477 (1994), the district court

---

[*] Oral argument would not materially help us to decide this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). We have thus decided the appeal based on Mr. Miles's brief and the record on appeal.

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

dismissed the action for failure to state a valid claim.[1] Mr. Miles appeals the dismissal and seeks leave to proceed in forma pauperis.

We conclude that Mr. Miles's appeal is frivolous. In *Heck v. Humphrey*, the U.S. Supreme Court held that damages for an allegedly unconstitutional conviction or imprisonment are not available under 42 U.S.C. § 1983 unless the conviction or sentence has been

- reversed,
- expunged,
- declared invalid by an appropriate state court, or
- undermined by a federal court's grant of habeas relief.

*Heck*, 512 U.S. at 486–87. Mr. Miles's conviction and sentence have not been reversed, expunged, declared invalid by an appropriate state court, or undermined by a federal court's grant of habeas relief. *Heck* thus bars Mr. Miles's damages action, rendering the appeal frivolous. *See Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007) (concluding that an appeal challenging the dismissal of a "§ 1983 claim [that] falls squarely within the *Heck* holding" is a frivolous appeal); *see also Neitzke v.*

---

[1] The sole defendant is the State of Kansas, which enjoys Eleventh Amendment immunity from suit in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). But if the parties do not raise Eleventh Amendment immunity, the court need not raise the issue sua sponte. *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008).

*Williams*, 490 U.S. 319, 325 (1989) (observing that "an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits'" (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)) (alternations in original)).

Because the appeal is frivolous, we dismiss the appeal and deny Mr. Miles's motion for leave to proceed in forma pauperis. *See Hunt v. Downing*, 112 F.3d 452, 453 (10th Cir. 1997) (denying an application to proceed in forma pauperis and dismissing an appeal when the appeal is frivolous); 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of a frivolous appeal). We also assess two strikes against Mr. Miles under 28 U.S.C. § 1915(g), one for the district court's dismissal and one for our dismissal. *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."), *overruled on other grounds by Coleman v. Tollefson*, ___ U.S. ___, 135 S. Ct. 1759 (2015).

Entered for the Court


Robert E. Bacharach
Circuit Judge

3